IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEJANDRO PEREZ FROMETA, | ) | Case No. 1:26-cv-0427 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| U.S. CITIZENSHIP AND IMMIGRATION | ) | |
| SERVICES, *et al.*, | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |
| Defendants. | ) | |

## I. Introduction

On February 20, 2026, Plaintiff Alejandro Perez Frometa ("Plaintiff") filed a complaint for writ of mandamus and injunctive relief. ECF Doc. 1. On March 12, 2026, Defendants Kim Adams, Director, Cleveland Field Office, U.S. Citizenship and Immigration Services; the Secretary of the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services; Joseph B. Edlow, Director, U.S. Citizenship and Immigration Services; and Pam Bondi, Attorney General of the United States ("Defendants") filed a motion to dismiss. ECF Doc. 7. On March 23, 2026, Plaintiff filed a response to Defendants' motion to dismiss (ECF Doc. 8), and on March 30, 2026, Defendants filed a reply. ECF Doc. 9. Because Plaintiff is not entitled to the relief sought in his complaint, the Court GRANTS Defendants' motion to dismiss.

## II. Background

Plaintiff is a Cuban national who applied for permanent residency in the United States on August 7, 2025, using a form I-485. ECF Doc. 1. He applied for the change of status under the Cuban Adjustment Act of 1966, Public Law 89-732. ECF Doc. 3. He is currently detained at the

Northeast Ohio Correctional Center in Youngstown, Ohio. ECF Doc. 1. After filing his initial application, he received a notice for fingerprinting on August 15, 2025, scheduled for September 4, 2025. *Id.* ¶ 5. Because he was in detention, he was unable to attend that appointment. *Id.* ¶ 6. Plaintiff alleges that because the Federal Defendants have not scheduled an interview or rescheduled his fingerprinting appointment in the past six months since he submitted his application, the Federal Defendants have failed to timely adjudicate his I-485 application. *Id.* ¶¶ 11-13.

On February 20, 2026, Plaintiff filed this civil action, alleging unreasonable delay in adjudicating his I-485 application under the Administrative Procedure Act, 5 U.S.C. § 706(1), and seeking relief in the form of mandamus under 28 U.S.C. § 1361, declaratory judgment under 28 U.S.C. § 2201, and attorney fees. *Id.* ¶¶ 25-50. Specifically, he seeks an order compelling his application be adjudicated within five days. *Id.* ¶ 49. Plaintiff is currently in removal proceedings before an immigration court in Cleveland, Ohio. *See Id.* ¶ 9. Plaintiff has not filed a petition for writ of habeas corpus and does not challenge his detention in this case.

On March 12, 2026, Defendants filed a motion to dismiss setting forth several different bases for dismissal. ECF Doc. 7. Defendants argue that the Court lacks personal jurisdiction because Plaintiff has not served them. Defendants contend that this Court does not have the authority to issue the remedy requested by Plaintiff and lacks subject matter jurisdiction. Finally, Defendants argue that Plaintiff has failed to state a claim under the Administrative Procedure Act, 5 U.S.C. §706(1) ("APA") because the processing of his I-485 application has not been unreasonably delayed.

On March 23, 2026, Plaintiff filed a short response to Defendants' motion. In his response, Plaintiff seemingly concedes that he has not yet served Defendants but argues that the

Court must allow a reasonable time to cure service defects. *See* ECF Doc. 8 at 2. In their reply, Defendants continue to deny service and further argue that, regardless of service, Plaintiff cannot prevail under the APA because he cannot show that his I-485 application has been unreasonably delayed. ECF Doc. 9. Because the Court agrees that Plaintiff has not alleged facts establishing an unreasonable delay of his I-485 application, Defendants are entitled to a dismissal of this case. The Court's decision is further explained below.

## III. Law & Analysis

Defendants argue, and Plaintiff seems to concede, that Defendants have not yet been served with the Complaint. While the Court could wait for Defendants to be served, it is not necessary in this case because Plaintiff's complaint does not set forth a basis for recovery under the APA. Defendants also argue that this Court has no subject matter jurisdiction over the processing of the Plaintiff's I-485. The Court agrees that it does not have the authority to require Defendants to grant or deny Plaintiff's I-485 application. However, there could theoretically be a point where Plaintiff's continued detention without processing the I-485 application would violate his constitutional rights. Plaintiff's claim has not yet reached that point.

Under the APA, federal courts "shall… compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(b)(1). When determining whether an agency action has been unreasonably delayed, courts consider six factors:

(1) the time agencies take to make decisions must be governed by a rule of reason;

(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984). Here, after considering these factors, the Court cannot find that Plaintiff's I-485 application has been unreasonably delayed.

Plaintiff's application has only been pending since August 7, 2025. ECF Doc. 1 ¶ 3. Given the onslaught of immigration cases in our country, the Court cannot say that a six-to-seven-month delay is unreasonable. Indeed, courts have found that much more significant delays than in Plaintiff's case are not unreasonable. *See Sawahreh v. U.S. Dep't of State,* 630 F. Supp. 3d 155, 162 (D.D.C. 2022) (District courts have found that immigration delays between three to five years are often not unreasonable.) *See also Kobaivanova v. Hansen*, No. 2011 U.S. Dist. LEXIS 105252 at *15 (N.D. Ohio Sept. 16, 2011) (a three-year delay is not unreasonable on its face); *Attias v. Chertoff,* 2006 U.S. Dist. LEXIS 41993 (E.D. Mo. June 22, 2006) (three -year delay not unreasonable where complaint failed to allege other circumstances of unreasonableness); *Kiromi v. Dist. Dir., USCIS Detroit*, 2007 U.S. Dist. LEXIS 50797, *6 (E.D. Mich. July 13, 2007) (not unreasonable delay where plaintiff's I-485 application had been pending for almost two years); *Saleh v. Ridge*, 367 F. Supp. 2d 508, 513 (S.D.N.Y. 2005) (a wait of five years for adjudication of adjustment of status, while not insubstantial, was not unreasonable as a matter of law.)

Plaintiff argues that the delay here is unreasonable because of his detention, which heightens the urgency of processing his I-485 application. ECF Doc. 8 at 2. However,

Plaintiff's claims do not implicate "human health and welfare" or "medical or safety risks." *See Ferro v. Mayorkas*, No. 2:23- cv-02033-SB-MRW, 2023 U.S. Dist. LEXIS 106722 at * 12. (C.D. Cal. June 16, 2023). Plaintiff's complaint does not even allege that he is subject to imminent removal if his I-485 application is not quickly decided.[1] For these reasons, even when Plaintiff's detention is taken into consideration, this Court cannot say that his I-485 application has been unreasonably delayed.

## IV. Conclusion

Plaintiff's complaint for writ of mandamus seeks a ruling from this Court that Defendants have unreasonably delayed the processing of his I-485 application. Because the complaint, even when construed in Plaintiff's favor, does not set forth an unreasonable delay of the I-485 application, it must be DISMISSED.

Dated: March 31, 2026

*s/Dan Aaron Polster*
United States District Judge

[1] Even if the immigration judge were to issue an order of removal, it would not become administratively final without additional layers of review. See 8 C.F.R. §§ 241.1; 1003.39, 1241.1 (articulating when a removal order becomes final); 8 U.S.C. § 1252(b)(1) (providing that aliens can seek review of a Board of Immigration Appeals decision within 30 days of the final order of removal.)